# EXHIBIT B

CONSUMER JUSTICE LAW FIRM

June 10, 2026

**VIA PROCESS SERVER**
**BETTER MORTGAGE CORPORATION**
c/o C T Corporation System
28 Liberty Street
New York, New York 10005

RE: *Elijah D. Steward v. Experian Information Solutions, Inc. et al*
District of Maine, Case No. 2:26-cv-00065-LEW

To Whom It May Concern,

Attached hereto please find a Federal Subpoena for the production of documents relevant to the above-referenced matter. **Please note that the deadline for your production of the responsive documents is July 8, 2026, at 10:00 a.m. ET**, ***however you may provide the documents prior to this time. In lieu of a formal production at that date and time specified on the subpoena, to keep costs lower and conserve resources, we request that you forward the documents by electronic means such as email or Dropbox.*** If it is impossible to produce the documents electronically, you may have the documents put on a physical drive and forwarded to our Scottsdale, Arizona office at 8095 North 85th Way, Scottsdale, Arizona 85258.

We have also enclosed a proposed Affidavit to authenticate the documents you are producing. Accordingly, please sign and return **the original Affidavit at the time you produce the documents in compliance with the subpoena**. In order for any documents produced to be admissible during the trial of this matter we must have the requested executed Affidavit. In the event that you have no records responsive to the Federal Subpoena to Produce Documents, simply return the executed affidavit with an explanation and stating that you have attached “0 pages” of records.

Further, we have enclosed a Federal Subpoena to Testify at a Deposition in a Civil Action and Deposition Notice for **July 13, 2026, at 2:00 p.m. ET** and witness fee in the amount of $40.00 as required by the Rules of Court. Please be advised that you must produce a corporate designee of your Company who is able to testify regarding the subject matters contained in the Attachment B and the documents your company is producing in compliance with the subpoena.

Should you have a conflict on the noticed date identified in the previous paragraph, we are also available to take this deposition on **July 15, 2026**, or **July 16, 2026**. If none of these dates

work, we are willing to work with you in good faith to reschedule your deposition for a mutually agreeable date and time. If you wish to reschedule the deposition, it is imperative you contact us **immediately** so that we can identify a workable alternative date. **<u>For the avoidance of any doubt, unless we specifically come to an arrangement with you to reschedule your deposition to an alternative date by 12:00 PM Eastern Time on July 9, 2026, we will not agree to adjourn this deposition</u>**.

With respect to the substance of the topics, please let me know within seven days of service of this subpoena the dates and times which suit you best to meet and confer in compliance with the Federal Rules of Civil Procedure. If we do not hear from you about coordinating a time to meet and confer concerning the topics within seven days, we will understand that you have no objections to the topics contained in the deposition notice and that you will prepare and produce a witness to testify to the same.

We have identified a location in Flushing, New York, in compliance with Fed. R. Civ. P. 45. However, we propose to take the deposition at a location, date and time which is convenient to your witness completely by videoconference. This can be from their own home or office with a computer that can run Zoom and a stable internet connection.

In the event the witness is required to travel to the location identified in the subpoena or at an alternative location, we request that upon receipt of these subpoenas you contact me or our office so that we may discuss the appropriate arrangements, including calculating the mileage and payment due in accordance with the Federal Rules of Civil Procedure and 28 U.S. Code § 1821. Please keep in mind, we have a very short window in which to make arrangements and to complete the deposition.

If you anticipate a problem complying with the enclosed subpoena or if you have any questions regarding the requirements for compliance by your Company, please contact us at dkeller@consumerjustice.com.

**If you fail to comply with the enclosed subpoena in any way, we will file a motion to compel and request any relief the Court deems appropriate, including, but not limited to, attorneys' fees and costs.**

Very truly yours,

*<u>/s/ Duran Keller</u>*
Duran Keller, IN 31749-79
*admitted pro hac vice*
**CONSUMER JUSTICE LAW FIRM**
8095 North 85th Way
Scottsdale, AZ 85258
T: (984) 310-0626
E: dkeller@consumerjustice.com

John Z. Steed, Esq. #5399
**ISLAND JUSTICE, LLC**
P.O. Box 771
Stonington, ME 04681
T: (207) 200-7077
E: john@islandjusticelaw.com

*Attorneys for Plaintiff Elijah D. Steward*

cc: Levi Y. Eidelman, Attorney (leidelman@consumerjustice.com)
Sierra Stewart, Paralegal (sstewart@consumerjustice.com)

Enclosures:

Subpoena to Produce Documents
Exhibit A – Description of Documents
Authentication Affidavit
Subpoena to Appear for Deposition
Exhibit B – Notice of Deposition
Zoom Dial-In Details
Witness Fee Check in the Amount of $40.00

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Maine

| | | |
|---|---|---|
| ELIJAH D. STEWARD, | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:26-cv-00065-LEW |
| EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC; et al | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: BETTER MORTGAGE CORPORATION

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: | Date and Time: |
|---|---|
| Via Email: dkeller@consumerjustice.com OR to 72-47 139th Street, Flushing, New York 11367 | 07/08/2026 10:00 am |

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/10/2026

*CLERK OF COURT*

OR

/s/ Duran Keller

*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff ELIJAH D. STEWARD, who issues or requests this subpoena, are:

Duran Keller, Consumer Justice Law Firm, 8095 North 85th Way, Scottsdale, AZ 85258

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# ATTACHMENT A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

| | |
|---|---|
| ELIJAH D. STEWARD,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC; and TRANS UNION, LLC,<br><br>Defendants. | Docket No. 2:26-cv-00065-LEW<br><br>**ATTACHMENT A**<br><br>**REQUESTS FOR PRODUCTION OF DOCUMENTS** |

**PLEASE TAKE NOTICE**, pursuant to Fed. R. Civ. P., Rule 34, Rule 45(a)(1)(B), and Rule 45(a)(1)(C), that Plaintiff Elijah D. Steward ("Plaintiff"), through their undersigned counsel of record, is requesting the production of documents, electronically stored information, and tangible things from Better Mortgage Corporation ("Better Mortgage") on or before **July 8, 2026, at 10:00 a.m. Eastern Time**, **via email to dkeller@consumerjustice.com** or to 72-47 139th Street, Flushing, New York 11367.

## I. DEFINITIONS

1. The terms "You," "Your," or "Better Mortgage" shall refer to Better Mortgage Corporation and its principals, directors, officers, owners, members, representatives, employees, agents, consultants, accountants, and attorneys, as well as all past affiliates, divisions, business units, predecessors in interest, agents, and representatives, and any person acting on their behalf.

2. "Any" encompasses "any and all." Similarly, "All" encompasses "any and all."

3. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

4. The plural of any word shall include the singular and the singular shall include the plural.

5. Unless otherwise defined, all words and phrases used herein shall be accorded their usual meanings, and shall be interpreted in their common, ordinary sense.

6. "Communicate" or "Communication" means and includes every manner or means of disclosure, transfer, or exchange of information, whether orally or in writing or whether face-to-face, by telephone, telecopy, email, facsimile, personal delivery, overnight delivery or otherwise.

7. "Document" means written, printed or electronic matter of any kind including electronically stored information (ESI); correspondence, memoranda, notes, opinions, compilations, chronicles, minutes, agendas, contracts, agreements, reports, summaries, inter-office and intra-office communications, diaries, appointment books or calendars, confirmations, and all drafts, alterations, modifications, changes and amendments of any of the foregoing; electronic, mechanical, or electric data, records and representations of any kind, including, without limitation, e-mail, tapes, cassettes, disks, computer hard drives, magnetic cards and recordings (whether or not ever printed out or displayed) and all graphic or manual records of representations of any kind including, without limitation, photographs, microfiche, microfilm, videotape, DVDs, and motion pictures).

8. "Person" means and refers to natural persons, corporations, proprietorships, partnerships, trust, joint ventures, groups, associations, institutes, organizations, and any other

business, governmental or legal entities, including any divisions, department, and units thereof.

9. "Plaintiff" means and refers to the consumer-Plaintiff Elijah D. Steward that filed Case No. 2:26-cv-00065-LEW:

a. Full Name: Elijah D. Steward

b. Date of Birth: [redacted] 1981

c. Social Security Number: XXX-XX-4178

d. Address: 226 Stevens Avenue, Apartment 7, Portland, Maine 04102

10. "Refers," "Referring to," and "Regarding," as used herein, shall be interpreted liberally so as to include without limitation, the following meanings: discusses, mentions, describes, responds to, pertains to, identifies, concerns, constitutes or is in any way relevant to the given subject.

11. "Relates," "Related" "In Relation to" or "Relating to" means evidencing, concerning, supporting, negating, refuting, embodying, containing, memorializing, comprising, reflecting, analyzing, constituting, describing, identifying, referring to, referencing, discussing, indicating, connected with, or otherwise pertaining in any way, in whole or in part, to the subject matter referred to in each demand.

## II. INSTRUCTIONS

1. Please produce all documents in the order and condition in which they are maintained, including any file identification information.

2. This subpoena applies to all documents or things in your possession, custody, or control, regardless of their location and regardless of whether such documents or things are held by your agents, employees, representatives, attorneys, accountants, or any other person or entity.

You are requested to make a diligent search of your records or other papers and materials in your possession to the extent necessary to provide responsive documents or things.

3. Unless otherwise indicated, (1) this subpoena seeks documents and things through the present date, and (2) this subpoena contains continuing requests. In the event that you become aware of or acquire possession, custody, or control of additional responsive documents or things, you shall promptly produce these additional documents or things for inspection and copying.

4. If you object to any portion of any request, identify the portion to which you object, answer the remainder, and produce all documents and parts of documents to which your objection does not apply. If you are unable to respond to any portion of a request, respond to all portions to which you can respond, and explain the reason for your inability to respond to the remainder.

5. If you have no documents or things responsive to a particular request, please so state. If any Document which would have been identified in response to any request for production was, but is no longer, in Your possession or custody or subject to Your control, in addition to providing any requested information of which You have knowledge regarding such Document, state the present location of such Document.

6. If you withhold documents responsive to a request that you claim are protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity, please identify in writing each document withheld by providing at least the following information:

a. State the name of the privilege claimed (e.g., attorney-client, work product);
b. State the name of the attorney, if any, with respect to whom the privilege is claimed;
c. State the facts upon which You rely as to the basis for claiming privilege as to the specific Document;
d. State the date of the Document; Identify the type of document (e.g., letter, memorandum);
e. Identify each person who prepared it and each person (if any) who signed it;
f. Identify each person to whom it was directed, circulated, or shown; and

g. Identify each person now in possession of the Document.

## III. REQUESTED DOCUMENTS

Pursuant to the attached Subpoena, the following items and documents in your possession, custody, or control are to be produced for inspection and copying:

1. Your communications with **Plaintiff** (a defined term) or anyone acting or purporting to act on Plaintiff's behalf relating to Plaintiff's application(s) or efforts to secure a mortgage loan, between January 1, 2025, and December 31, 2025, including emails, notices, letters, and/or any records demonstrating the existence of the same.

2. All Documents (including credit information or credit scores) that You received from any credit bureau, including Trans Union LLC, Equifax Information Services LLC, and Experian Information Solutions, Inc., relating to Plaintiff, between January 1, 2025, and December 31, 2025, and any records demonstrating the existence of the same.

3. All logs, records, communications, credit scores, credit reports, or other documents that contributed to or were factors in mortgage loan application decision making relating to Plaintiff between January 1, 2025, and December 31, 2025.

4. All Documents reflecting Your determinations or decisions relating to Plaintiff's mortgage loan application or efforts between January 1, 2025, and December 31, 2025, including any approvals, denials, terms offered, and all reasons therefore.

Dated: June 10, 2026,

Respectfully submitted,

*/s/ Duran Keller*

Duran Keller, IN 31749-79
*admitted pro hac vice*
**CONSUMER JUSTICE LAW FIRM**
8095 North 85th Way
Scottsdale, AZ 85258
T: (984) 310-0626
E: dkeller@consumerjustice.com

John Z. Steed, Esq. #5399
**ISLAND JUSTICE, LLC**
P.O. Box 771
Stonington, ME 04681
T: (207) 200-7077
E: john@islandjusticelaw.com

*Attorneys for Plaintiff Elijah D. Steward*

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Maine

| | | |
|---|---|---|
| ELIJAH D. STEWARD, <br> *Plaintiff* <br> v. <br> EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC; et al <br> *Defendant* | ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 2:26-cv-00065-LEW |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: BETTER MORTGAGE CORPORATION

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See Attachment B

| Place: Via Zoom Videoconference OR at 72-47 139th Street, Flushing, New York 11367 | Date and Time: 07/13/2026 2:00 pm |
|---|---|

The deposition will be recorded by this method: Stenographic, Audio, and Video

❒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/10/2026

*CLERK OF COURT*

OR

/s/ Duran Keller

*Signature of Clerk or Deputy Clerk* — *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff ELIJAH D. STEWARD, who issues or requests this subpoena, are:

Duran Keller, Consumer Justice Law Firm, 8095 North 85th Way, Scottsdale, AZ 85258

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:26-cv-00065-LEW

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named individual as follows: ______________
______________________________________________________________
______________________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________________________
______________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ______________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

Print Save As... Add Attachment Reset

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT B

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

| | |
|---|---|
| ELIJAH D. STEWARD,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC; and TRANS UNION, LLC,<br><br>Defendants. | Docket No. 2:26-cv-00065-LEW<br><br>**ATTACHMENT B**<br><br>**FRCP 45 NOTICE OF DEPOSITION OF BETTER MORTGAGE CORPORATION**<br><br>**Date:** July 13, 2026<br>**Time:** 2:00 p.m. Eastern Time<br>**Location:** ***Conducted by Zoom Video Conference*** OR at 72-47 139th Street, Flushing, New York 11367 |

**PLEASE TAKE NOTICE**, pursuant to Fed. R. Civ. P. 45, that Plaintiff Elijah D. Steward ("Plaintiff"), through their undersigned counsel of record, will take the deposition and oral examination of Better Mortgage Corporation ("Better Mortgage") on **<u>July 13, 2026, at 2:00 p.m. Eastern Time</u>** ***conducted by Zoom Video Conference*** or at 72-47 139th Street, Flushing, New York 11367. This deposition will be performed by Zoom video conference from the safety and comfort of our individual homes or offices. This deposition will be taken before a notary public or other office authorized to administer oaths and will be recorded by Zoom video and stenographically by a certified court reporter. Because the deposition will take place remotely via Zoom, the court reporter may not be located in the same state as the deponent. Each deponent is required to have access to a monitor large enough to adequately see exhibits. If the deposition is not completed on the noticed date, the deposition will continue from day to day thereafter, at the same time and place (excluding Saturdays, Sundays, and Federally recognized Holidays) until completed. If an interpreter is requested to translate testimony, notice of the same must be given

at least five (5) working days before the deposition date, and the specific language and/or dialect thereof designated.

## I. DEFINITIONS

1. The terms "You," "Your," or "Better Mortgage" shall refer to Better Mortgage Corporation and its principals, directors, officers, owners, members, representatives, employees, agents, consultants, accountants, and attorneys, as well as all past affiliates, divisions, business units, predecessors in interest, agents, and representatives, and any person acting on their behalf.

2. "Any" encompasses "any and all." Similarly, "All" encompasses "any and all."

3. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

4. The plural of any word shall include the singular and the singular shall include the plural.

5. Unless otherwise defined, all words and phrases used herein shall be accorded their usual meanings, and shall be interpreted in their common, ordinary sense.

6. "Communicate" or "Communication" means and includes every manner or means of disclosure, transfer, or exchange of information, whether orally or in writing or whether face-to-face, by telephone, telecopy, email, facsimile, personal delivery, overnight delivery or otherwise.

7. "Document" means written, printed or electronic matter of any kind including electronically stored information (ESI); correspondence, memoranda, notes, opinions, compilations, chronicles, minutes, agendas, contracts, agreements, reports, summaries, inter-office and intra-office communications, diaries, appointment books or calendars, confirmations,

and all drafts, alterations, modifications, changes and amendments of any of the foregoing; electronic, mechanical, or electric data, records and representations of any kind, including, without limitation, e-mail, tapes, cassettes, disks, computer hard drives, magnetic cards and recordings (whether or not ever printed out or displayed) and all graphic or manual records of representations of any kind including, without limitation, photographs, microfiche, microfilm, videotape, DVDs, and motion pictures).

8. "Person" means and refers to natural persons, corporations, proprietorships, partnerships, trust, joint ventures, groups, associations, institutes, organizations, and any other business, governmental or legal entities, including any divisions, department, and units thereof.

9. "Plaintiff" means and refers to the consumer-Plaintiff Elijah D. Steward that filed Case No. 2:26-cv-00065-LEW:

a. Full Name: Elijah D. Steward

b. Date of Birth: [redacted] 1981

c. Social Security Number: XXX-XX-4178

d. Address: 226 Stevens Avenue, Apartment 7, Portland, Maine 04102

10. "Refers," "Referring to," and "Regarding," as used herein, shall be interpreted liberally so as to include without limitation, the following meanings: discusses, mentions, describes, responds to, pertains to, identifies, concerns, constitutes or is in any way relevant to the given subject.

11. "Relates," "Related" "In Relation to" or "Relating to" means evidencing, concerning, supporting, negating, refuting, embodying, containing, memorializing, comprising, reflecting, analyzing, constituting, describing, identifying, referring to, referencing, discussing, indicating, connected with, or otherwise pertaining in any way, in whole or in part, to the subject

matter referred to in each demand.

## II. TOPICS

The deposition will concern all information relating to the following matters:

1. Your knowledge concerning all Documents that You produced in response to Plaintiff's Subpoena for Documents (Attachment A).

2. Your communications with **Plaintiff** (a defined term) or anyone acting or purporting to act on Plaintiff's behalf relating to Plaintiff's application(s) or efforts to secure a mortgage loan, between January 1, 2025, and December 31, 2025, including emails, notices, letters, and/or any records demonstrating the existence of the same.

3. All Documents (including credit information or credit scores) that You received from any credit bureau, including Trans Union LLC, Equifax Information Services LLC, and Experian Information Solutions, Inc., relating to Plaintiff, between January 1, 2025, and December 31, 2025, and any records demonstrating the existence of the same.

4. All logs, records, communications, credit scores, credit reports, or other documents that contributed to or were factors in mortgage loan application decision-making relating to Plaintiff between January 1, 2025, and December 31, 2025**.**

5. All Documents reflecting Your determinations or decisions relating to Plaintiff's mortgage loan application or efforts between January 1, 2025, and December 31, 2025, including any approvals, denials, terms offered, and all reasons therefore.

Dated: June 10, 2026,

Respectfully submitted,

*/s/ Duran Keller*
Duran Keller, IN 31749-79
*admitted pro hac vice*
**CONSUMER JUSTICE LAW FIRM**
8095 North 85th Way
Scottsdale, AZ 85258
T: (984) 310-0626
E: dkeller@consumerjustice.com

John Z. Steed, Esq. #5399
**ISLAND JUSTICE, LLC**
P.O. Box 771
Stonington, ME 04681
T: (207) 200-7077
E: john@islandjusticelaw.com

*Attorneys for Plaintiff Elijah D. Steward*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

| | |
|---|---|
| ELIJAH D. STEWARD,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC; and TRANS UNION, LLC,<br><br>Defendants. | Docket No. 2:26-cv-00065-LEW |

**AUTHENTICATION AFFIDAVIT**

Below the undersigned personally appeared, ________________________, who being duly sworn, deposes and says:

1. My name is ____________________________________. I am a resident of the State of ______________________. I am over the age of eighteen (18) years and am competent to make this affidavit. The statements set forth in this affidavit are based upon my personal knowledge.

2. I am custodian of the records or am otherwise familiar and competent to testify as to the authenticity of the records of _________________________.

3. The documents attached to this affidavit are the complete set of documents contained within our file regarding the information requested in the Plaintiff's subpoena [BETTER-MORTGAGE_000001-000_______]. These documents were made at or near the time of occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters; were kept in the course of regularly conducted activity of Better

Mortgage Corporation ("Better Mortgage") and were made by regularly conducted activity. These documents constitute business records of Better Mortgage.

4. The foregoing facts are true and correct.

Further affiant sayeth not.

By: ______________________

Title: ______________________

Sworn and subscribed before me this _______ day of _____________, 20_____.

_________________________

NOTARY PUBLIC

My Commission Expires: ______________________

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

| | |
|---|---|
| ELIJAH D. STEWARD,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC; and TRANS UNION, LLC,<br><br>Defendants. | Docket No. 2:26-cv-00065-LEW |

**ZOOM INFORMATION**

Topic: Elijah Steward v. Equifax - Deposition of Better Mortgage
**Time: Jul 13, 2026, 02:00 PM Eastern Time (US and Canada)**
Join Zoom Meeting
https://zoom.us/j/2976325070?pwd=OHQ3TC9IRmQ0Q0l0MGZzMXR1UkZCZz09&omn=99836083182

Meeting ID: 297 632 5070
Passcode: 2023
---
One tap mobile
+16699009128,,2976325070#,,,,*2023# US (San Jose)
+17193594580,,2976325070#,,,,*2023# US
---
Join by SIP
• 2976325070@zoomcrc.com

Join instructions
https://zoom.us/meetings/99836083182/invitations?signature=bU0dV-xx23xofPp_dSuTw78Vd65ZwcBp0DGF2Na0j34