LippesMathias LLP
ATTORNEYS AT LAW

October 21, 2026

Honorable Orelia E. Merchant, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

RE: *Better Mortgage Corp. v. Elijah D. Steward*, Case No. 26-mc-2907-OEM-CHK
Response to Rule 72(a) Objections (ECF No. 10)

Dear Judge Merchant:

We represent non-party Better Mortgage Corporation ("Better"). Better respectfully requests that this Court overrule the objection ("Objection") that Elijah D. Steward ("Steward") has made to Magistrate Judge Kaminsky's September 16, 2026 Order ("Order") and affirm Judge Kaminsky's Order.[1]

## I. Background.

This dispute arises from a deposition subpoena that Steward served on non-party Better in connection with an action pending in the District of Maine against three consumer reporting agencies under the Fair Credit Reporting Act. (*See* Dkt. 1-4 ¶¶ 2–3, 6, Exs. A & B thereto). Better moved to quash the deposition subpoena. (Dkt. 1). Following briefing and a telephone conference with the parties, Judge Kaminsky directed the parties to confer concerning less burdensome means of obtaining the information Steward sought. (Minute Entry, Aug. 11, 2026). Better thereafter proposed a declaration addressing the two specific questions Steward had raised: why Better's records reflected a loan amount of $0 and why Steward received a message concerning potential lending opportunities after Better denied him a mortgage. (*See* Dkt. 8-1 at 1–2). Better has since provided that declaration (the "Davis Declaration") to Steward and a true and accurate copy is attached as **Exhibit A**.

Although the parties conferred repeatedly, Better could not agree to Steward's requested additions to the Davis Declaration because Better could not state them with certainty. (*See* Dkt. 8 at 1 ("Counsel for Better has explained to counsel for Respondent that the edits he sought could not be stated with certainty and thus, were improper for the declaration.")). After considering the parties' September 15 status report (Dkt. 8), Judge Kaminsky issued the Order finding that "the declaration proposed by Movant Better Mortgage Corporation sufficiently addresses Respondent Elijah Steward's concerns raised in his [ ] opposition." As Judge Kaminsky correctly concluded:

[1] On October 9, 2026, Judge Kaminsky issued a "Corrected Order" that modified the earlier Order to correct a "typographical error in citati[ng] to Fed. R. Civ. P. 45. The substance of the Order was unchanged.

**Richard M. Scherer, Jr., Esq.** | Partner | rscherer@lippes.com

50 Fountain Plaza, Suite 1700, Buffalo, NY 14202 **Phone:** 716.853.5100 **Fax:** 716.853.5199 **lippes.com**
**New York:** Albany, Buffalo, Clarence, Long Island, New York City, Rochester, Saratoga Springs, Syracuse // **Florida:** Jacksonville, Tampa Bay, West Palm Beach
**Illinois:** Chicago // **Ohio:** Cleveland // **Oklahoma:** Oklahoma City // **Ontario:** Greater Toronto Area // **Texas:** San Antonio // **Washington, D.C.**

"Any deposition of [Better's] representative would therefore create an undue burden that is disproportionate to the needs of this case." Steward thereafter filed his Objection. (Dkt. 10).

## II. Steward failed to follow this Court's individual rules and has attempted to raise new arguments in the Objection.

At the outset, this Court should reject the Objection for failure to comply with Your Honor's individual rules. Those rules are unambiguous: "Any appeal of a magistrate judge's discovery determination must be in the form of a letter not exceeding three (3) pages in length." Instead, Steward's Objection is a 10-page memorandum of law.

The Court should likewise reject the new arguments that Steward makes. *See Anderson v. Phoenix Beverage, Inc.*, 2015 WL 737102, at *3 (E.D.N.Y. Feb. 20, 2015) ("Courts generally do not entertain new legal arguments not presented to the magistrate judge."). For the first time in the Objection, Steward seeks underwriting testimony about whether correction or removal of disputed credit information would have changed Better's decision not to lend to Steward. (Objection at 13). Steward similarly raises the prospect that, absent a deposition, he may be unable to compel a Better witness to testify at trial. (*Id*. at 6). Nowhere below did Steward attempt to assert anything concerning testimony at trial. Nor did Steward seek testimony about the effect of removal of disputed credit information before Judge Kaminsky.

## III. This Court should uphold Judge Kaminsky's Order.

Even setting aside Steward's attempt to raise new arguments and his failure to follow this Court's individual rules, his Objection still falls far short on the merits. The Objection establishes neither clear error nor any misapplication of the law. A district court may set aside a magistrate judge's non-dispositive discovery order only if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a) An order "is contrary to law if it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Khaldei v. Kaspiev*, 961 F. Supp. 2d 572, 575 (S.D.N.Y. 2013) (quotation omitted). "This is a highly deferential standard, and the objector thus carries a heavy burden." *Id*. (citations omitted).

Steward's Objection fails under this heavy burden because sworn testimony must be grounded in facts rather than Steward's preferred narrative. Better provided a declaration that addressed the queries Steward raised below—but declined to make additional representations that it could not substantiate merely because they would advance Steward's FCRA claims. (*See* Dkt. 8 at 1 ("Counsel for Better has explained to counsel for Respondent that the edits he sought could not be stated with certainty and thus, were improper for the declaration.")). Judge Kaminsky correctly recognized as much and declined to order a deposition, correctly finding that compelling a deposition in addition to the Davis Declaration would pose an undue burden.

*First*, Steward insists that only Better can explain "why [it] marked '$0' for the loan amount." (Objection at 5). But the Davis Declaration answers this very question. Davis explains that when Better denies an application, its loan-origination system "does not calculate a loan amount and the amount defaults to $0." (Ex. A ¶ 9). Thus, the $0 entry reflects how Better's system records a denied application—not an application for a $0 mortgage.

*Second*, Steward complains that Better's records do not identify the amount he actually sought to borrow. (*See* Objection at 3). Better agrees. The Davis Declaration expressly states that Better "does not have a record that reflects the mortgage loan amount for which Steward applied." (Ex. A ¶ 9). If anyone has this information, it is Steward himself. In any event, Steward cannot compel Better to create information or records that do not exist merely because Steward believes that information would strengthen his damages claim.

*Third*, the declaration resolves Steward's questions about the text message suggesting that Better had other lending options available. The message expressly stated that Better could not offer Steward a loan. The Davis Declaration explains that the message was automatically generated to permit Better's sales team to explore other potential opportunities, including referrals to lending partners. (*Id.* ¶ 8). The Davis Declaration confirms that the message did not mean Better had a mortgage loan available to offer Steward. Nor did any further discussion occur: Steward never responded. (*Id.*) The message thus does not undermine Better's denial of his application, and Steward identifies no basis to conclude that further testimony would establish otherwise.

*Finally,* Steward misreads *Sahu*. There, the district court denied depositions after weighing their expected value against the burden of preparing witnesses and given the discovery already permitted *Sahu v. Union Carbide Corp.*, 262 F.R.D. 308, 317 (S.D.N.Y. 2009). The Second Circuit affirmed that very ruling. *Sahu v. Union Carbide Corp.*, 528 F. App'x 96, 103–04 (2d Cir. 2013). Steward focuses on the Second Circuit's observation that "no one type of discovery is necessarily an adequate substitute for another," but conveniently overlooks what follows: "we have also explained that a court plainly has discretion to reject a request for discovery if the evidence sought would be cumulative." *Id.* (citation modified). The Second Circuit affirmed because (as here) the plaintiffs failed to explain "why the depositions would not be cumulative" and burdensome in light of the discovery already permitted. *Id.* (quotation omitted). Judge Kaminsky applied exactly that principle; he did not hold that documents invariably substitute for testimony. Instead, Judge Kaminsky considered Steward's requests and the Davis Declaration that Better proposed and determined that the declaration "sufficiently addressed" Steward's "concerns." That is exactly the case-specific discretion that *Sahu* suggests.

## IV. Conclusion.

Better respectfully requests that this Court overrule the Objection and/or affirm Judge Kaminsky's Order. Better further renews its request for its reasonable attorneys' fees for the reasons stated below and pursuant to Fed. R. Civ. P. 45(d)(1). (*See* Dkt. 1-3 ¶ 33; Dkt. 1-2 at 14).

Very truly yours,

LIPPES MATHIAS LLP

*/s/ Richard M. Scherer, Jr.*

Richard M. Scherer, Jr., Esq.